**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LIVINUS F. OKILAGWE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2425-L |
| | § | |
| **ATRIUM COMPANIES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial, filed August 22, 2005. After careful consideration of the motion, response, record and applicable law, the court **denies** Plaintiff's Motion for New Trial.

**I.   Background**

On November 11, 2004, Plaintiff Livinius F. Okilagwe ("Plaintiff") filed this lawsuit against Defendant Atrium Companies, Inc. ("Defendant") alleging that he was subjected to a hostile work environment and discriminated against while employed by Defendant as an assembly line technician. Following settlement negotiations, on June 13, 2005, Defendant filed a Motion to Enforce Settlement Agreement, which included a request for attorney's fees. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation.

Following a July 22, 2005 evidentiary hearing on this matter, the magistrate judge recommended that the court grant Defendant's Motion to Enforce Settlement Agreement, award Defendant its attorney's fees in the amount of $1,750 for Plaintiff's "unjustified refusal to comply

**Memorandum Opinion and Order - Page 1**

with the terms of the settlement[,]" and dismiss Plaintiff's case with prejudice. *See* Findings and Recommendation of the United States Magistrate Judge ("Report") at 3. On August 17, 2005, the court accepted the findings and conclusions of the magistrate judge as those of the court, and granted Defendant's Motion to Enforce Settlement Agreement. The court held that this action was settled pursuant to the terms of the Settlement Agreement, and ordered Defendant to pay Plaintiff $1,750, which was the amount agreed to in the Settlement Agreement. The court also granted Defendant's request for attorney's fees, and directed Plaintiff to pay Defendant attorney's fees in the amount of $1,750. The court further dismissed the case with prejudice, and entered final judgment.

In his motion for new trial, Plaintiff contends that there was a manifest error of fact, as he rejected Defendant's offer and did not agree to settle the case for $1,750. Defendant maintains that Plaintiff does not present any newly discovered evidence or new arguments, but merely reurges his argument presented to the court prior to its judgment.

## II.  Standard

Pursuant to Fed. R. Civ. P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of

such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. Analysis

Plaintiff bases his motion for new trial on the grounds that "there was a manifest error of fact." Plaintiff's Memorandum at 1. He argues that at the show cause hearing he denied entering into a settlement agreement for the amount of $1,750. He maintains that he has consistently rejected Plaintiff's offer, and, therefore, the settlement was not voluntary. At the evidentiary hearing, the magistrate judge was able to observe the demeanor and assess the credibility of the witnesses. The magistrate judge determined that there was no taint of fraud, coercion, or overreaching by Plaintiff's attorney in negotiations leading to the settlement. Report at 3. He further determined that the settlement appears fair and reasonable in light of the circumstances, and that Plaintiff's refusal to comply with the terms of the settlement was unjustified. *Id.*

The court determines that Plaintiff's contentions merely demonstrate his dissatisfaction with the court's ruling, rather than clearly establish either a manifest error of law or fact by the court. *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d at 289. Further, Plaintiff provides no new

evidence to support his contentions. The court therefore concludes that Plaintiff's motion for new trial should be denied.

## IV. Conclusion

For the reasons herein stated, the court concludes that Plaintiff has failed to clearly establish a manifest error of law or fact on the part of the court, and that there has been no newly discovered evidence that would probably change the outcome of the court's ruling in this action. Accordingly, the court **denies** Plaintiff's Motion for New Trial.

**It is so ordered** this 28th day of October, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge